999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred E. STEWART, III, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services of
the United States, Defendant-Appellee.
 No. 92-1358.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DEE V. BENSON, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Claimant Fred E. Stewart, III, alleges a disability due to fibrositis, fibromyalgia, bilateral carpal tunnel syndrome, muscle weakness, fatigue, and pain in his back, shoulders, hands, arms, and legs. He applied initially for disability benefits and supplemental security income benefits on August 11, 1988, alleging a disability beginning on January 9, 1988. His application was denied by the Social Security Administration on October 13, 1988. Mr. Stewart reapplied for benefits on May 25, 1989, again alleging a disability beginning on January 9, 1988. This second application was denied initially and on review before an administrative law judge (ALJ) and the Appeals Council of the Social Security Administration. Mr. Stewart then sought review in federal district court, where the administrative actions were upheld by the district judge. Mr. Stewart appeals from the district court's adverse ruling. We exercise jurisdiction under 42 U.S.C. § 405(g) and reverse.
 
 
 6
 Mr. Stewart was forty-five years old at the time of his administrative hearing. He has a high school diploma, one year of college, and vocational training in a meatcutter's school. His work experience is in such jobs as pantry chef, running a restaurant, fertilizer mixer, gas plant operator, servicing gas wells, and deodorizer operator.
 
 
 7
 After a hearing, the ALJ denied benefits at step five, see generally Decision, Appellant's App. at 13-20, of the five-part sequential evaluation process that applies to disability cases. See 20 C.F.R. §§ 404.1520(a)-(f), 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (discussing five steps in detail). On step five, the Secretary bears the burden to prove by substantial evidence that the claimant retains the residual functional capacity (RFC) to perform work at some level lower than his past relevant work. Thompson v. Sullivan, 987 F.2d 1482, 1491 (10th Cir.1993) ("[i]t is not [claimant's] burden ... to prove [he] cannot work at any level lower than [his] past relevant work; it is the Secretary's burden to prove that [he] can"). The Secretary may not rely on the absence of contraindication in the record. See id. The claimant has no burden on step five. See id.
 
 
 8
 The ALJ found that Mr. Stewart retains the RFC to perform the full range of sedentary work. The ALJ further decided that a vocational expert's testimony that Mr. Stewart is disabled was entitled to little weight and that Mr. Stewart's pain is insignificant and need not be considered. Therefore, the ALJ relied conclusively on the "grids," i.e., the medical-vocational guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rule 201.21, which directed a conclusion that Mr. Stewart is not disabled. Decision, Appellant's App. at 18-19.
 
 
 9
 Mr. Stewart asserts four points of error: (1) the ALJ's finding that he could perform a full range of sedentary work is not supported by substantial evidence; (2) the ALJ erred as a matter of law in evaluating his pain; (3) the ALJ erred as a matter of law by failing to make specific findings regarding his credibility; and (4) the ALJ erred by failing to consider the combination of his impairments.
 
 
 10
 To reach his conclusion that Mr. Stewart retained the RFC to do sedentary work, the ALJ relied on a form, entitled "Physical Restrictions," prepared by Mr. Stewart's treating physician, a neurologist, Dr. Herding. Appellant's App. at 226. The ALJ, however, misread and misstated this form in four crucial ways:
 
 
 11
 (1) The ALJ read the form to indicate that Mr. Stewart can walk or stand at least two hours out of an eight-hour day. Id. at 17. Actually, the form indicates that Mr. Stewart can walk or stand for at most two hours in an eight-hour day. Id. at 226.
 
 
 12
 (2) The ALJ appears to have presumed that Dr. Herding indicated that Mr. Stewart could sit for the remaining six hours of an eight-hour day. Id. at 17 (ALJ refers to Dr. Herding's "comprehensive" findings). Actually, Dr. Herding did not check any of the choices for sitting. Id. at 226. As he explained in a later letter, see id. at 294, Dr. Herding's opinion is that, although Mr. Stewart retains the use of his arms, hands, legs, and feet, he can work for at most two hours per day.
 
 
 13
 (3) The ALJ read the form to indicate that Mr. Stewart must alternate sitting with walking or standing only two or three times every four hours. Id. at 17. Actually, Dr. Herding indicated that Mr. Stewart must frequently alternate sitting, standing, and walking. Id. at 226.
 
 
 14
 (4) The ALJ ignored Dr. Herding's additional restrictions that Mr. Stewart should avoid cold temperatures and temperature changes, and only occasionally reach above shoulder level. Id. at 12-20, 226.
 
 
 15
 "Sedentary work," according to the Secretary:
 
 
 16
 involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.
 
 
 17
 20 C.F.R. § 404.1567(a). "[S]itting should generally total approximately 6 hours of an 8-hour workday." Soc.Sec.Rul. 83-10. The Secretary recognizes that the need to frequently alternate sitting, standing, and walking is generally inconsistent with the requirements of light or sedentary work. See Soc.Sec.Rul. 83-12.
 
 
 18
 Dr. Herding's physical restrictions assessment, read correctly, does not support the ALJ's conclusion that Mr. Stewart retains the RFC to do sedentary work because Dr. Herding's findings are inconsistent with the Secretary's definition of sedentary work. Dr. Herding's follow-up letter, which the Appeals Council rejected, is not even necessary to Mr. Stewart's argument that the ALJ's conclusion is not supported by substantial evidence.
 
 
 19
 There is no other substantial evidence in the record to support the ALJ's conclusion that Mr. Stewart retains the RFC to do sedentary work. The government points to a letter by a consulting physician, Dr. Cohen, in which Dr. Cohen states that after his "one and only contact with Mr. Stewart," he saw "no reason why [Mr. Stewart] can't resume light duty work." Appellant's App. at 236. Dr. Cohen's statement, however, is a mere conclusion that Mr. Stewart can do light work, is unsupported by clinical findings (the letter adverts to some, but they are not in the record), is not related to the Secretary's definition of sedentary work, and contradicts the treating physician's consistent opinion that Mr. Stewart cannot work. See id. at 219, 223, 231; see also 237 (Dr. Scott remarks that Mr. Stewart has a severe disability). " 'Evidence is not substantial "if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion." ' " Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.1987) (quoting Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir.1983)). Dr. Cohen's letter, therefore, does not constitute substantial evidence to support the ALJ's conclusion. See id. There is no substantial evidence in the record that Mr. Stewart can do sedentary work, i.e., sit for six hours out of an eight-hour day.
 
 
 20
 Although the government characterizes this case as one of conflicting medical evidence which the ALJ appropriately reconciled, the conflict is not about whether Mr. Stewart has serious symptoms, but only about the diagnosis. Based on the record, Mr. Stewart has diligently pursued treatment with several specialists, undergoes physical therapy, and has tried various medications. There is not even a suggestion in the record that Mr. Stewart exaggerates symptoms, let alone that Mr. Stewart is able-bodied but looking for a way to get money without working for it. In fact, Dr. Scott referred Mr. Stewart to Dr. Herding because Dr. Scott believed that Mr. Stewart was not an hysteric and was not exaggerating his symptoms. Appellant's App. at 237.
 
 
 21
 Because the Secretary failed in her burden of proof that Mr. Stewart retains the RFC to do sedentary work, we reverse and remand to the Secretary for an award of benefits. See Frey, 816 F.2d at 512 ("If the Secretary does not meet this burden, the claimant is disabled for purposes of award of disability benefits"). This case is distinguishable from, for example, Thompson, 987 F.2d 1482, a "step five" case which this court remanded for additional proceedings, not benefits. In Thompson, the medical evidence was inconclusive because the claimant had stopped treatment before her doctor had made a definitive diagnosis. Id. at 1491. There was no evidence that any doctor considered her disabled. In addition, the ALJ made several legal errors which could be corrected on remand. Therefore, an award of benefits was inappropriate in that case. The record in this case, on the other hand, supports an award of benefits.
 
 
 22
 Given our holding on Mr. Stewart's first issue, it is unnecessary to reach his other arguments.
 
 
 23
 The ALJ correctly determined that Mr. Stewart's failure either to appeal the Secretary's first denial of benefits or to justify reopening his first application has a preclusive effect for the time between the alleged onset of disability, January 8, 1988, and the date of the first denial. However, the Secretary's first denial is dated October 13, 1988, not October 18, 1988, as stated by the ALJ and the district court. See Appellant's App. at 89.
 
 
 24
 The judgment of the United States District Court for the District of Colorado is REVERSED, and the case is REMANDED to the Secretary for an award of benefits from October 13, 1988.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3